PRINDLE, Administratrix, Respondent, vs. HAIGHT, Appellant.

*September 2 — September 27, 1892.*

*Assault and battery: Provocation: Pleading: Immaterial error.*

Under a denial of malice, the defendant in an action for an assault and battery may prove any acts of provocation committed by the plaintiff so recently before the assault as to raise a reasonable presumption that they prompted it; and therefore an order striking from the answer allegations as to acts committed, during the year preceding the assault, in pursuance of a plan devised to harass and persecute defendant, is not prejudicial to the latter and will not be disturbed, even though it would be competent for him to prove some of the facts so alleged.

APPEAL from the Circuit Court for *Dane* County.

This action was brought by the plaintiff's intestate, in his lifetime, to recover damages for an alleged malicious assault and battery committed upon him by the defendant. The defendant, in his answer, denies the malice charged, and

sets out at considerable length certain alleged malicious acts of the plaintiff's intestate towards him, which it is claimed were deliberately planned to exasperate the defendant to commit the assault complained of. Most of these acts were alleged to have been committed during the year preceding such assault. These allegations of provocation were, on motion of plaintiff, stricken from the answer by the court. The defendant appeals from the order striking out the same.

Pending the appeal the original plaintiff died, and the cause has been duly continued in the name of his administratrix, the present plaintiff. For convenience, the deceased is referred to in the following opinion as the plaintiff.

For the appellant there were briefs by *La Follette, Harper, Roe & Zimmerman,* and oral argument by *G. E. Roe.* They contended, *inter alia,* that a series of provocations on the part of the plaintiff, pursuant to a plan, extending over a long period and continuing to the time of the assault, may be set up by the defendant in mitigation of punitory or exemplary damages, citing *Dolan v. Fagan,* 63 Barb. 73; *Richardson v. Northrup,* 56 id. 105; *Stetlar v. Nellis,* 60 id. 524; *Fairbanks v. Witter,* 18 Wis. 287; *Rhodes v. Bunch,* 3 McCord, 66; *Sledge v. Pope,* 2 Haywood (N. C.), 402; *Prentiss v. Shaw,* 56 Me. 427–442; *Cushman v. Waddell,* 1 Baldwin, 58; *McDougald v. Coward,* 95 N. C. 368; *Fraser v. Berkeley,* 7 Carr. & P. 621.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *H. L. Butler.* To the point that circumstances of provocation, to be admissible in evidence, must have occurred at or so near the time of the assault as to constitute a part of the transaction, they cited *Lee v. Woolsey,* 19 Johns. 318; 2 Greenl. Ev. 93; 1 Sutherland, Dam. 227; 2 Sedgwick, Dam. (7th ed.), 525; *Birchard v. Booth,* 4 Wis. 67; *Thrall v. Knapp,* 17 Iowa, 468; *Ireland v. Elliott,* 5 id. 478, 68 Am. Dec. 715; *Gronan v. Kuck-*

*kuck*, 59 Iowa, 18; *Dupee v. Lentine*, 147 Mass. 580; *Tyson v. Booth*, 100 id. 258; *Mowry v. Smith*, 9 Allen, 67; *Avery v. Ray*, 1 Mass. 12; *Sheffill v. Van Deusen*, 15 Gray, 485, 77 Am. Dec. 377; *Rawlings v. Comm.* 1 Leigh, 581, 19 Am. Dec. 758; *Jacaway v. Dula*, 7 Yerg. 82, 27 Am. Dec. 492; *Maynard v. Beardsley*, 7 Wend. 560, 22 Am. Dec. 595; *Corning v. Corning*, 6 N. Y. 97; *Ellsworth v. Thompson*, 13 Wend. 658; *Willis v. Forrest*, 2 Duer, 310; *Fullerton v. Warrick*, 3 Blackf. (Ind.), 219, 25 Am. Dec. 99; *Keiser v. Smith*, 71 Ala. 481; *Quinby v. Tribune Co.* 38 Minn. 528; *Millard v. Truax*, 84 Mich. 517; *Heiser v. Loomis*, 47 id. 16; *Martin v. Miner*, 50 Miss. 42; *Matthews v. Terry*, 10 Conn. 455; *Rochester v. Anderson*, 1 Bibb (Ky.), 428; *Brooks v. Carter*, 34 Fed. Rep. 505; *Coxe v Whitney*, 9 Mo. 527; *Collins v. Todd*, 17 id. 537; *State v. Jackson*, id. 544; *Jarvis v. Manlove*, 5 Harr. (Del.), 452; *Gaither v. Blowers*, 11 Md. 536; *Morely v. Dunbar*, 24 Wis. 183; *Brown v. Swineford*, 44 id. 282; *Grace v. Dempsey*, 75 id. 313.

LYON, C. J.   On this appeal we shall go into no extended discussion of the rules of pleading and evidence applicable to actions to recover damages for personal injuries maliciously inflicted.   If there be a recovery in this action at all, it must be for full compensatory damages; that is, the actual damages resulting from the injury complained of, without diminution by reason of acts of provocation not amounting to a justification of the assault.   This rule was long since settled in this state.   The cases on the subject are collected in *Grace v. Dempsey*, 75 Wis. 313.   If the assault was malicious, the jury may award exemplary damages.   Hence defendant must be allowed to allege and prove any facts which tend to rebut the existence of malice on his part.   Proof that he committed the assault under stress of recent provocation would tend to rebut malice. He may therefore allege in his answer and prove such re-

cent provocation. His answer contains such allegations, which were not stricken out. Those which were stricken out charge that before the assault, and especially during the year immediately preceding the committing thereof, the plaintiff maliciously devised a plan to harass and persecute him, and that, in execution of such plan, nearly a year before the assault, he induced defendant's wife to leave him and apply for a divorce; and after she returned to her husband, defendant induced her to refuse to join in a conveyance of her husband's property, and thus defeated a desirable sale thereof. Also that during said year plaintiff repeatedly, publicly, maliciously, stated to many people that defendant was cruel and inhuman to his wife, and that their children had been guilty of vile crimes, and requested his auditors to repeat such charges to defendant, which they did; and, further, that at various times the plaintiff used insulting language to defendant and made indecent gestures to him.

As already observed, the defendant may allege and prove any acts of provocation committed by the plaintiff so recently before the assault as to raise a reasonable presumption that such acts prompted the assault. He may also prove such recent acts of provocation, under his denial of malice, without alleging them specifically in his answer. We cannot say from the answer as originally drawn, that the court has stricken out any allegation thereof which defendant is entitled to prove on the trial. If it should appear in proof that any of such alleged acts of provocation were committed so recently before the assault as to render proof of them admissible (which is quite probable), such proof may be received under the answer in its present form. Hence the defendant is not injured by the striking out of portions of his answer, even though it should appear on the trial that facts are stated therein which it is compe-

tent for him to prove. Such being the case, the order appealed from should not be disturbed. *Sloteman v. Mack,* 61 Wis. 575.

*By the Court.*— Order affirmed.